# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RONALD TERRY,

    **Plaintiff,**

    v.                                    **Case No. 14-CV-461**

WISCONSIN SUPREME COURT,

    **Defendant.**

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

On April 22, 2014, the plaintiff, Ronald Terry, filed a *pro se* complaint against the Wisconsin Supreme Court. Terry alleges that the Wisconsin Supreme Court failed to equally apply Wisconsin case law in disposing of his petition for a writ of habeas corpus filed on May 21, 2013, in violation of his right to equal protection under the Fourteenth Amendment. (Docket # 1.) Terry seeks to recover declaratory, compensatory, and punitive damages. (*Id.* at 4-5.) This matter comes before the Court on Terry's motion to proceed *in forma pauperis*. While Terry is indigent for purposes of the *in forma pauperis* statute, the defendant is immune from liability. Therefore, the motion will be denied and the complaint will be dismissed.

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

In his affidavit, Terry states that he is not married and has no dependents. (Docket # 2 at 2.) He owns no real or personal property and has no bank accounts or other intangible property such as stocks, bonds, trusts, or retirement accounts. (*Id.* at 2-3.) Terry is currently unemployed and receives $183.00 per month in food stamps. (*Id.* at 2, 4.) He lists no monthly expenses. (*Id.* at 4.) Based on the information provided, the Court is satisfied that Terry is indigent for purposes of the *in forma pauperis* statute.

Upon review of the complaint, however, the Court finds two grounds on which the complaint

must be dismissed. First, pursuant to 28 U.S.C. § 1391(b), venue is improper in the Eastern District of Wisconsin. Section 1391(b)(1) provides that a civil action may be brought in a judicial district in which any defendant resides and § 1391(b)(2) provides that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Terry sues the Wisconsin Supreme Court, located in Madison, Wisconsin, which is situated in the Western District of Wisconsin. Further, the events giving rise to the claim stem from an order issued by the court, which presumably occurred in the Western District of Wisconsin.

However, I will not transfer this action to the Western District of Wisconsin because Terry sues a defendant immune from liability. Terry sues the Wisconsin Supreme Court. The Eleventh Amendment bars federal suits against state courts and other branches of state government. *Landers Seed Co., Inc. v. Champaign Nat. Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994). Because Terry seeks monetary relief against a defendant with absolute immunity, his motion for leave to proceed *in forma pauperis* will be denied and his complaint must be dismissed.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **DENIED**.

**IT IS ALSO ORDERED** that this action is dismissed.

Dated at Milwaukee, Wisconsin this 29th day of April, 2014.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 3 -